COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-116-CV
  
  
SERVICE 
EMPLOYMENT                                                         APPELLANT
REDEVELOPMENT
  
V.
  
FORT 
WORTH INDEPENDENT                                                    APPELLEE
SCHOOL 
DISTRICT
  
  
------------
 
FROM 
THE 17TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
 
I. INTRODUCTION
        In 
this appeal, we must determine whether the trial court properly dismissed this 
breach of contract case for want of subject matter jurisdiction.  Because 
we determine that appellee Fort Worth Independent School District (FWISD) is not 
immune from suit for breach of contract, that appellant Service Employment 
Redevelopment has standing to bring a breach of contract claim against FWISD, 
and that appellant did not fail to exhaust administrative remedies, we reverse 
and remand.
II. BACKGROUND FACTS
        Appellant 
entered into a contract with FWISD under which appellant was to provide an 
alternative education program for FWISD students. The contract was initially 
effective for the 1995-96 school year and was dated December 12, 1995. Payment 
under the contract was to be made in accordance with a formula set forth in the 
contract. The contract required appellant to comply with applicable laws and 
with any rules of the Texas Education Agency or the FWISD Board of Education 
determined to be applicable. The contract further provided that “[i]f any 
provision . . . is declared invalid or unenforceable, such provision shall be 
deemed modified to the extent necessary and possible to render it valid and 
enforceable” and that “[a]ny unlawful provision shall be deemed stricken 
from the agreement and shall have no effect.”
        In 
December 1999, appellant sued FWISD alleging that the school district breached 
the contract by failing to compensate appellant in the amount required under 
education code section 37.008(g) for the 1995-96 school year.[1]  
See Tex. Educ. Code Ann. § 
37.008(g) (Vernon Supp. 2004-05). Section 37.008(g) requires school districts to 
“allocate to a disciplinary alternative education program the same expenditure 
per student . . . that would be allocated to the student’s school if the 
student were attending the student’s regularly assigned education program.” Id. 
According to appellant, the parties intended to incorporate section 37.008(g) 
into the contract but did not include it as a result of either mutual mistake or 
fraud by FWISD; thus, the formula FWISD used to calculate the amount to pay 
appellant was less than the amount the parties intended under section 37.008(g). 
Because appellant alleged that the contract did not comply with section 
37.008(g), it asked the trial court to strike the allegedly unlawful payment 
formula and modify the contract’s payment provision to conform with section 
37.008(g).
III. DISCUSSION
        FWISD 
filed a motion to dismiss for want of subject matter jurisdiction in the trial 
court alleging that appellant had no private right of action under education 
code section 37.008, had no standing to sue under education code section 37.008, 
and had not exhausted its administrative remedies. The trial court granted 
FWISD’s motion to dismiss for want of subject matter jurisdiction without 
stating the specific grounds. On appeal, appellant challenges the trial 
court’s dismissal of the case for lack of subject matter jurisdiction on all 
possible grounds. In five issues, appellant contends that the trial court 
reversibly erred in dismissing the case for lack of subject matter jurisdiction 
on the following grounds: FWISD is immune from suit, appellant has no private 
right of action under education code 37.008(g), appellant lacks standing, and 
appellant failed to exhaust administrative remedies.
        An 
appellant must attack all independent bases or grounds that fully support a 
complained-of ruling or judgment. Britton v. Tex. Dep’t of Criminal Justice, 
95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); see, e.g., 
Harris v. Gen. Motors Corp., 924 S.W.2d 187, 188 (Tex. App.—San Antonio 
1996, writ denied). If an appellant does not, then we must affirm the ruling or 
judgment. Britton, 95 S.W.3d at 681. This rule is based on the premise 
that an appellate court normally cannot alter an erroneous judgment in favor of 
an appellant in a civil case who does not challenge that error on appeal. See 
Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993). If an independent ground 
fully supports the complained-of ruling or judgment, but the appellant assigns 
no error to that independent ground, then (1) we must accept the validity of 
that unchallenged independent ground, and thus (2) any error in the grounds 
challenged on appeal is harmless because the unchallenged independent ground 
fully supports the complained-of ruling or judgment. See Walling, 863 
S.W.2d at 58-59; Britton, 95 S.W.3d at 681 (stating that an appellate 
court normally cannot alter an erroneous judgment in favor of an appellant in a 
civil case who does not challenge that error on appeal). The same reasoning 
applies to a plea to the jurisdiction based on multiple grounds that the trial 
court sustains without specifying grounds. Britton, 95 S.W.3d at 682. On 
appeal, appellant has challenged all the possible grounds.
        Because 
standing is implicit in the concept of subject matter jurisdiction and whether a 
trial court has subject matter jurisdiction is an issue determinative of the 
authority of a trial court to hear a case, we first address whether appellant 
had standing to bring a cause of action in this case.
IV. STANDING AND PRIVATE RIGHT OF ACTION
        In 
its third and fourth issues, appellant complains that the trial court erred by 
dismissing the case for lack of standing and by determining that appellant has 
no private right of action under education code 37.008(g). FWISD contests 
appellant’s standing by treating appellant’s claim as a damage claim 
stemming from a violation of section 37.008(g) rather than a breach of contract 
claim on the contract. But in a breach of contract action, a named party to the 
contract has standing to sue on that contract. Copeland v. Alsobrook, 3 
S.W.3d 598, 608 (Tex. App.—San Antonio 1999, pet. denied). So we must now 
determine the nature of appellant’s claim.
        Standing 
is implicit in the concept of subject matter jurisdiction. Waco ISD v. Gibson, 
22 S.W.3d 849, 850 (Tex. 2000); Tex. Ass’n of Bus. v. Tex. Air Control Bd., 
852 S.W.2d 440, 445-46 (Tex. 1993). Subject matter jurisdiction is essential to 
the authority of a court to decide a case. Tex. Ass'n of Bus., 852 S.W.2d 
at 443. Whether a plaintiff has standing is a question of law.  In re 
Shockley, 123 S.W.3d 642, 647 (Tex. App.—El Paso 2003, no pet.).  We 
construe appellant’s pleadings in its favor and, if necessary, review the 
entire record to determine whether any evidence supports appellant’s standing 
to sue FWISD.  Tex. Ass'n of Bus., 852 S.W.2d at 446; In re C.M.V., 
136 S.W.3d 280, 284-85 (Tex. App.—San Antonio 2004, no pet.).
        Appellant 
argues that it has standing because its claim against FWISD is a breach of 
contract claim; therefore appellant has a private right of action against FWISD.  
See Renteria v. Trevino, 79 S.W.3d 240, 242 (Tex. App.—Houston [14th 
Dist.] 2002, no pet.).  FWISD contends that appellant’s claim is actually 
a money damages claim for violation of education code section 37.008(g) 
requiring the school district to spend the same amount per student in a 
disciplinary alternative education program as it does for students attending 
regular education programs. See Tex. 
Educ. Code Ann. § 37.008(g). FWISD argues that section 37.008 does not 
expressly provide a private right of action and that appellant has no standing 
to bring a claim under section 37.008. See id.  However, despite the 
absence of an express provision for a private right of action, a breach of a 
statutory duty normally gives rise to a private right of action on behalf of the 
injured group of persons for whose benefit the statute was enacted. Nixon v. 
Mr. Property Mgmt. Co., 690 S.W.2d 546, 549 (Tex. 1985); Securtec, Inc. 
v. County of Gregg, 106 S.W.3d 803, 815 (Tex. App.—Texarkana 2003, pet. 
denied); Lively v. Carpet Servs., Inc., 904 S.W.2d 868, 871 (Tex. 
App.—Houston [1st Dist.] 1995, writ denied).  Accordingly, FWISD also 
argues that if the statute provides any right of action, it belongs to the 
alternative education students and their parents, not appellant.
        Regardless 
of whether we agree with FWISD that appellant does not have a private right of 
action under section 37.008(g) of the education code, a review of appellant’s 
pleadings makes clear that appellant did not bring a statutory claim under 
section 37.008(g) against FWISD. Instead, appellant brought a common-law breach 
of contract claim based upon the contract as modified by section 37.008(g).
        The 
provision of the contract entitled “scope” provides that the contract 
“shall be deemed to include all agreements . . . and any additional provisions 
required by law, whether inserted or not.”  By contracting with FWISD, 
appellant agreed to provide certain students of the district with an alternative 
education program. Under the contract terms, appellant was required to comply 
with applicable laws and the rules of the Texas Education Agency or the FWISD 
Board of Education.
        Appellant’s 
pleadings allege that the parties intended that section 37.008(g) be 
incorporated into the contract and that due to mutual mistake the parties failed 
to incorporate it. In the alternative, appellant alleged in its pleadings that 
FWISD intentionally concealed the error and misrepresented to appellant that the 
contract included the correct terms.  Appellant sought to reform the 
contract to incorporate section 37.008(g).
        Additionally, 
appellant’s pleadings relied upon the provision entitled “Modification” in 
arguing that the payment terms of the contract are “unlawful” under section 
37.008(g).  The contract states in part that “[i]f any provision of this 
agreement is declared invalid or unenforceable, such provision shall be deemed 
modified to the extent necessary and possible to render it valid and 
enforceable.”  Additionally, the contract provides that “[a]ny unlawful 
provision shall be deemed stricken from the agreement and shall have no 
effect.”
        In 
support of its claims, appellant points to the mandatory modification language 
of the contract provisions, mutual mistake, and fraud in arguing that the 
parties intended to incorporate education code section 37.008(g) into the 
contract. Appellant argues that FWISD breached the contract as modified or 
reformed by section 37.008(g). Appellant contends that section 37.008(g) 
requires adjustment to any contract that set a payment amount before the school 
district’s fiscal year end that did not conform to the dictates of the 
section.
        A 
review of appellant’s pleadings reveals that all of appellant’s claims are 
based upon the contract and basic contract law. See Coker v. Coker, 650 
S.W.2d 391, 393 (Tex. 1983). And as a party to the contract, appellant has 
standing to sue for breach, reformation, or modification of the contract to 
incorporate section 37.008(g). We sustain appellant’s third and fourth issues.
V. IMMUNITY FROM SUIT
        In 
its first and second issues, appellant argues that the trial court erred by 
dismissing this case for lack of subject matter jurisdiction because the school 
district had not waived immunity from suit.  Governmental immunity from 
suit defeats a trial court’s subject matter jurisdiction and thus is properly 
asserted in a plea to the jurisdiction. See Tex. Dep’t of Parks & 
Wildlife v. Miranda, 133 S.W.3d 217, 225-26 (Tex. 2004). The trial court 
must determine at its earliest opportunity whether it has the constitutional or 
statutory authority to decide the case before allowing the litigation to 
proceed.  Id. at 226.
        We 
review the trial court’s ruling on a plea to the jurisdiction based on 
immunity from suit under a de novo standard of review. Id. at 225-26, 
228; Tex. Natural Res. Conserv. Comm'n v. IT-Davy, 74 S.W.3d 849, 855 
(Tex. 2002). Whether undisputed evidence of jurisdictional facts establishes a 
trial court’s jurisdiction is a question of law. Miranda, 133 S.W.3d at 
226. Here, the parties concede that the facts are undisputed. Thus, we determine 
as a matter of law whether the undisputed facts establish jurisdiction.
        When 
a plea to the jurisdiction challenges the pleadings, we determine if the pleader 
has alleged facts that affirmatively demonstrate the court’s jurisdiction to 
hear the cause.  Id.; Tex. Ass'n of Bus., 852 S.W.2d at 446. 
We construe the pleadings liberally in favor of the plaintiff and look to the 
pleader’s intent. Miranda, 133 S.W.3d at 226; Tex. Ass'n of Bus., 
852 S.W.2d at 446.
        Appellant 
contends that Texas Education Code section 11.151(a) waives the school 
district’s immunity from suit for breach of contract. Section 11.151(a) 
provides that “[t]he trustees of an independent school district constitute a 
body corporate and in the name of the district may acquire and hold real and 
personal property, sue and be sued, and receive bequests and donations or 
other moneys or funds coming legally into their hands.“  Tex. Educ. Code Ann. § 11.151(a) 
(Vernon Supp. 2004-05) (emphasis added).  In support of its argument, 
appellant cites the Texas Supreme Court’s holding in Missouri Pacific 
Railroad Co. v. Brownsville Navigation District, for its interpretation of 
the “sue and be sued” language of a 1925 navigation statute. 453 S.W.2d 812 
(Tex. 1970).  In Missouri Pacific, the court held that the 
legislature quite plainly waived a water navigation district’s immunity from 
suit in a breach of contract action by providing that the district could “sue 
and be sued.”  Mo. Pac., 453 S.W.2d at 813.  Appellant 
contends that under that holding, the “sue and be sued” language of the 
education code clearly and unambiguously waives the school district’s immunity 
from suit.  FWISD argues, however, that the “sue and be sued” language 
merely refers to the capacity of a school district’s trustees and does not 
clearly and unambiguously waive immunity from suit.
        Governmental 
immunity protects governmental entities from lawsuits for damages absent 
legislative consent.  See Fed. Sign v. Tex. S. Univ., 951 S.W.2d 
401, 405 (Tex. 1997).  The doctrine of governmental immunity encompasses 
two distinct concepts: (1) immunity from suit (barring a lawsuit unless the 
legislature expressly gives its consent to suit); and (2) immunity from 
liability (even if the legislature has expressly given its consent to the suit). 
See id. “Immunity from liability is an affirmative defense, while 
immunity from suit deprives a court of subject matter jurisdiction.” Miranda, 
133 S.W.3d at 224.
        Although 
a governmental entity waives immunity from liability when it contracts with 
private citizens, its immunity from suit is not waived by its merely entering 
into a contract.  See Catalina Dev., Inc. v. County of El Paso, 121 
S.W.3d 704, 705 (Tex. 2003); Gen. Servs. Comm'n v. Little-Tex Insulation Co., 
39 S.W.3d 591, 594 (Tex. 2001).  Express legislative consent is required to 
show that immunity from a breach of contract suit has been waived.  See 
Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248 (Tex. 
2002).  Consent to suit must be expressed by clear and unambiguous 
language. Tex. Gov’t Code Ann. 
§ 311.034 (Vernon 2005); Pelzel, 77 S.W.3d at 248.
        Over 
time, the doctrine of immunity has been divided into several distinct areas of 
law.  For example, some statutes and cases deal with immunity as it relates 
exclusively to tort claims.  See Tex. Civ. Prac. & Rem. Code Ann. § 
101.021 (Vernon 1997) (the “Tort Claims Act”); see also Shade v. City of 
Dallas, 819 S.W.2d 578, 582 (Tex. App.—Dallas 1991, no writ) (holding 
government enjoys sovereign immunity for its negligent acts except to extent the 
Tort Claims Act waives that immunity).  The supreme court and the 
legislature have distinguished the requirements for waiver of immunity in a tort 
context from that in a contract context.  See, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 
101.021; see also Tarrant County Hosp. Dist. v. Henry, 52 S.W.3d 434, 
440-45, 448-49 (Tex. App.—Fort Worth 2001, no pet.) (analyzing waiver of 
immunity under Tort Claims Act and breach of contract claims separately and 
under different standards).
        The 
present case involves the issue of waiver of immunity from suit in a breach of 
contract context.  Accordingly, we are concerned with the cases defining 
immunity with respect to claims brought by private citizens against the State or 
other governmental entities for breach of contract.[2]  
See Mo. Pac., 453 S.W.2d at 813; see also Catalina Dev., 121 
S.W.3d at 704-05; Tex. A & M Univ.-Kingsville v. Lawson, 87 S.W.3d 
518, 521 (Tex. 2002); Pelzel, 77 S.W.3d at 248; IT-Davy, 74 S.W.3d 
at 854; Little-Tex, 39 S.W.3d at 594; Fed. Sign, 951 S.W.2d at 
405.
        FWISD 
argues that the “sue and be sued” language in section 11.151(a) does not 
clearly and unambiguously waive immunity from suit because Missouri Pacific 
has been implicitly overruled by subsequent supreme court cases dealing with 
immunity from suit issues.  Additionally, FWISD contends that the language 
is not a clear and unambiguous waiver in light of recent court of appeals 
decisions holding that such language does not waive immunity.  Accordingly, 
we briefly review the holding in Missouri Pacific in light of subsequent 
immunity case law to determine whether the Texas Supreme Court has implicitly 
overruled its holding in Missouri Pacific.
Missouri Pacific Railroad Co. v. Brownsville 
Navigation District and Progeny
        In 
the 1970 Missouri Pacific case, the Texas Supreme Court held that 
language in the enabling statute for navigation districts providing that they 
can “sue and be sued” waived the navigation district’s immunity from 
suit.  Mo. Pac., 453 S.W.2d at 813.  The case arose when a 
brakeman for Missouri Pacific Railroad died after being knocked from a train 
ladder by a crane that had been left too close to the track.  Id. at 
812.  In a cross-action for indemnity against the Brownsville Navigation 
District, Missouri Pacific claimed that the navigation district had entered into 
a contract with Missouri Pacific in which the district agreed not to allow 
construction or placement of any obstruction that would violate any law or 
regulation respecting clearance or safety margins in the vicinity of railroad 
tracks.  Id. at 813.  The navigation district filed a plea to 
the jurisdiction, which the trial court sustained on the grounds that the 
district was a subdivision of the State and that consent to its being sued had 
not been given.  Id.
        The 
issue was whether the legislature waived the navigation district’s immunity 
from suit in a 1925 act, which provided that “[a]ll navigation districts 
established under this Act may, by and through the navigation and canal 
commissioners, sue and be sued in all courts of this State in the name of 
such navigation district, and all courts of this State shall take judicial 
notice of the establishment of all districts.”  Id. (quoting Act 
effective February 19, 1925, 39th Leg., R.S., ch. 5, § 46, 1925 Tex. Gen. Laws 
7, 21, repealed by Act of March 29, 1971, 62nd Leg., R.S., ch. 58, §1, 
1971 Tex. Gen. Laws 110, 661) (emphasis added).  Specifically, the court 
analyzed whether the phrase “sue and be sued” was a waiver of the navigation 
district’s immunity from suit.  Mo. Pac., 453 S.W.2d at 813.  
The court concluded unequivocally: “In our opinion [the navigation district 
statute] is quite plain and gives general consent for [the] District to 
be sued in the courts of Texas in the same manner as other defendants.”  Id. 
(emphasis added).
        The 
supreme court’s holding in Missouri Pacific has not been explicitly 
overruled.  Regardless, FWISD argues that the language refers only to the 
representative capacity of the school board trustees to “sue and be sued” in 
actions where immunity has been otherwise expressly waived.  In arguing 
this position, FWISD cites to Satterfield & Pontikes Construction, Inc. 
v. Irving Independent School District in support of the proposition that the 
holding in Missouri Pacific is not controlling in the present case.  
123 S.W.3d 63 (Tex. App.—Dallas 2003, pet. filed).
        In 
Satterfield, the Dallas Court of Appeals held that the “sue and be 
sued” language of section 11.151(a) of the education code does not clearly and 
unambiguously waive a school district’s immunity from suit.  Satterfield, 
123 S.W.3d at 68.  In its analysis, the Satterfield court reasoned 
that the Texas Supreme Court had departed from the logic of Missouri Pacific 
in the three decades that followed.  Id. at 67.  The Dallas 
court relied upon the recent supreme court holding in Travis County v. Pelzel 
& Assoc. as support showing that the supreme court has departed from the 
logic of Missouri Pacific. Id.; Pelzel, 77 S.W.3d at 249.  
Thus, we will review Pelzel and other post- Missouri Pacific cases 
to determine if FWISD’s position is correct.
Travis County v. Pelzel & Assoc.
        In 
Pelzel, a construction company brought a breach of contract action 
against Travis County, seeking payment allegedly due under a contract for 
construction of an office building.  Pelzel, 77 S.W.3d at 
247-48.  Prior to filing suit in the district court, the company presented 
its breach of contract claim to the county commissioner’s court pursuant to 
Texas Local Government Code section 89.004.  Id. at 247; see also 
Tex. Loc. Gov’t Code Ann. § 
89.004 (Vernon Supp. 2004-05).  The county refused to pay the claim.  Pelzel, 
77 S.W.3d at 247.
        Section 
89.004(a), entitled “Presentation of Claim,” provides that “a person may 
not file suit on a claim against a county . . . unless the person has presented 
the claim to the commissioners court and the commissioners court neglects or 
refuses to pay all or part of the claim.” Tex. Loc. Gov’t Code Ann. § 
89.004(a).  The supreme court held that this statutory language did not 
clearly and unambiguously waive immunity from suit.  Pelzel, 77 
S.W.3d at 249.  The court clarified that the section “states only that a 
party must present its claim to the commissioners court, which must neglect, 
refuse, or pay all of the claim before the party may file suit.”  Id.
        Satterfield 
and FWISD both rely upon the Pelzel holding to support the proposition 
that Missouri Pacific is no longer good law.  But FWISD and the Satterfield 
court ignore the fact that the Pelzel court cited Missouri Pacific, 
noting that “[o]riginally, the [presentment] statute contained ‘sue and be 
sued’ language, arguably showing intent to waive sovereign immunity for 
suits against counties. . . . Thus well over a hundred years ago, the 
Legislature deleted the only language arguably waiving sovereign immunity, 
suggesting that it intended to preserve counties’ immunity from suit.”  
Id. at 249-50 (emphasis added).  The Pelzel court discussed Missouri 
Pacific and distinguished its holding saying, “Missouri Pacific 
involved a different statute than the one in this case and that statute, unlike 
the current version of the [presentment] statute here, contained ‘sue and be 
sued’ language.”  Id. at 251.  Although the Pelzel 
court did not expressly state that “sue and be sued” language is clear and 
unambiguous, we note that it was the absence of the “sue and be sued” 
language in the claim presentation statute that supported the majority’s 
conclusion that it did not waive immunity from suit.  Id.
Federal Sign v. Texas Southern University
        The 
first supreme court case to deal with the issue of waiver of immunity after Missouri 
Pacific was in 1997 in Federal Sign v. Texas Southern University.  
951 S.W.2d at 408.  That case dealt with a waiver of immunity from suit in 
a breach of contract case.  The appellants in Federal Sign sued 
Texas Southern University for violations of the competitive bidding on contracts 
statute in the education code and for breach of contract.  Id. at 
404.  The sign maker won in the trial court, but the appellate court 
reversed.  Tex. S. Univ. v. Fed. Sign, 889 S.W.2d 509, 512 (Tex. 
App.—Houston [14th Dist.] 1994), aff’d, 951 S.W.2d 401 (Tex. 1997). 
On appeal to the supreme court, the sign maker contended that it did not need 
legislative consent to sue the university because its claims included 
allegations that the university violated state law.  Fed. Sign, 951 
S.W.2d at 404.  The supreme court noted, however, that allegations of the 
potential state law violations did not dispense with the necessity that the 
appellant obtain legislative consent to sue for breach of contract.  Id. 
at 404-05.  The court stated that the State’s consent to suit must be by 
either statute or legislative resolution, but that the consent must be by 
“clear and unambiguous language.”  Id. at 405.  Throughout 
its opinion, the court cited Missouri Pacific and briefly discussed its 
holding.  Id. at 405-08.  The Federal Sign court stated 
that in Missouri Pacific it held that the statute providing that the 
navigation district could “sue and be sued” met the legislative permission 
requirement to waive of immunity from suit.  Id. at 408.
        The 
court in Federal Sign drew the following conclusions: (1) when the State 
contracts with private citizens, it waives only immunity from liability; (2) 
legislative consent is still required in order for a private citizen to sue the 
State on a breach of contract claim; and (3) the act of contracting alone does 
not waive the State’s immunity from suit.  See id.  The 
appellant relied solely upon the state law allegations and the conduct of the 
university in arguing that sovereign immunity does not apply when the State 
enters into a contract with a private citizen.[3]  
Id. at 404-12.  The court ultimately determined the university, a 
state institution, did not consent to suit merely by entering into the 
contract.  Id.
        A 
footnote in the majority opinion noted,
   
We hasten to observe that neither this case nor the ones on which it relies 
should be read too broadly.  We do not attempt to decide this issue in any 
other circumstances other than the one before us today.  There may be other 
circumstances where the State may waive its immunity by conduct other than 
simply executing a contract so that it is not always immune from suit when it 
contracts.
 
 
Id. 
at 408 n.1.  Accordingly, the holding in Federal Sign is apparently 
limited to the specific conduct and circumstances particular to that case and 
leaves the door open for the court to hold that a different type of government 
conduct could waive immunity from suit in the future.  See id.
General Services Commission v. Little-Tex Insulation 
Co.
        Next, 
in 2001, the supreme court issued its opinion in General Services Commission 
v. Little-Tex Insulation Co. 39 S.W.3d at 591.  In that case, a 
building contractor sued a state university to recover expenses not allegedly 
contemplated in their construction contract.  Id. at 593-94.  
The district court granted the university’s plea to the jurisdiction and the 
contractor appealed.  In a separate action, a state contractor sued the 
General Services Commission, alleging breach of contract and violation of the 
takings clause in connection with the Commission’s decision to terminate an 
asbestos abatement contract.  The district court granted the Commission’s 
plea to the jurisdiction and the contractor appealed.  The court of appeals 
reversed and remanded in both cases.  DalMac Constr. Co. v. Tex. A & 
M Univ., 35 S.W.3d 654, 657 (Tex. App.—Austin 1999), rev’d, 39 
S.W.3d at 591; Little-Tex Insulation Co. v. Gen. Servs. Comm’n, 997 
S.W.2d 358, 365 (Tex. App.—Austin 1999), rev’d, 39 S.W.3d at 591. The 
supreme court then granted review in both cases. In its opinion, the supreme 
court cited Missouri Pacific only once in its discussion about the 
concept that governmental immunity encompasses the separate principles of 
immunity from liability and immunity from suit.  Little-Tex, 39 
S.W.3d at 594 (citing Mo. Pac., 453 S.W.2d at 813).
        In 
Little-Tex, the court stated that in Federal Sign it recently held 
that the State does not waive its immunity from suit for breach of contract 
simply by entering into a contract for goods and services.  Id. at 
593 (citing Fed. Sign, 951 S.W.2d at 408).  The court noted that it 
had specifically reserved judgment on whether other circumstances may exist in 
which “the State may waive its immunity by conduct other than simply executing 
a contract.”  Id. (citing Fed. Sign, 951 S.W.2d at 408 
n.1).  However, after the court issued its opinion in Federal Sign, 
the legislature established an administrative procedure for certain breach of 
contract claims against the State. See Tex. Gov’t Code Ann. §§ 
2260.001-.108 (Vernon 2000 & Supp. 2004-05).[4]
        Like 
it did in Federal Sign, the court again held that the State was entitled 
to immunity from suit. Little-Tex, 39 S.W.3d at 598. It concluded that 
the legislature intended the administrative procedure in government code 
sections 2260.001-.108 to be the exclusive method available for resolving 
certain breach of contract claims against the State.  Id. at 596. 
Chapter 2260 of the Texas Government Code retained sovereign immunity from suit 
in certain breach of contract claims, but provided an administrative procedure 
to resolve those claims.  Id.; see also Tex. Gov’t Code Ann. §§ 
2260.001-.108.
        The 
plaintiffs in Little-Tex argued that chapter 2260 did not apply because 
the State’s conduct in accepting the benefits of the contract waived immunity, 
so obtaining legislative consent was not necessary.  Little-Tex, 39 
S.W.3d at 596.  The court rejected their argument, stating, “[W]e are not 
inclined in this case to impute knowledge to the Legislature of decisions 
establishing a waiver-by-conduct exception to immunity when the Legislature made 
its intent clear through the words it choose [sic] in Chapter 2260.”  Id. 
at 597.  The court also stated that “there is but one route to the 
courthouse for breach-of-contract claims against the State, and that route is 
through the Legislature.”  Id. Ultimately, the court held that 
the State did not waive its immunity from suit on breach of contract claims by 
accepting the benefits of the contract.  Id.
Texas Natural Resource Conservation Commission v. 
IT-Davy
        In 
2002, the court issued its opinion in IT-Davy. 74 S.W.3d at 849.  
In that case, a contractor sued the Texas Natural Resource Conservation 
Commission for claims arising from an alleged breach of contract.  Id. 
at 851.  The parties did not dispute that the contractor had fully 
performed under the contract.  Id.  Rather, the dispute was 
over “equitable adjustments” provided for in the contract after the 
contractor claimed he had incurred additional expenses and lost profits stemming 
from materially different site conditions. Id. The contractor argued that 
the state agency had waived immunity from suit by fully accepting 
benefits under the contract. Id. at 856. The supreme court rejected the 
argument and stated, “[W]e reject IT-Davy’s argument that we should fashion 
such a waiver-by-conduct exception in a breach-of-contract suit against the 
State.” Id. at 857.
        The 
opinion cites Missouri Pacific twice in support of the proposition that 
it is the legislature’s sole province to waive or abrogate sovereign immunity. 
Id. at 853, 857 (citing Mo. Pac., 453 S.W.2d at 813-14). 
Ultimately, the court held that the state agency was entitled to governmental 
immunity.  Id. at 857.
Texas A & M University-Kingsville v. Lawson
        After 
Pelzel, see discussion supra, the supreme court decided Lawson 
in 2002. 87 S.W.3d at 518. The issue in Lawson was whether a government 
entity could claim immunity from suit for breach of a settlement agreement when 
the settlement agreement arose from a lawsuit from which the entity was not 
immune. Id. at 519-20.
        The 
case involved the breach of a settlement agreement that an employee and the 
state university had entered into following the employee’s suit over a 
violation of the Whistleblower Act.  Id. at 518-19. In a plurality 
opinion, Justice Hecht cited Missouri Pacific twice.  Id. at 
520 & n.15, 521 & n.21.  First, he cited it for the proposition 
that sovereign immunity encompasses the separate principles of immunity from 
liability and immunity from suit. Id. at 520 & n.15. Second, he noted 
that the court in Federal Sign cited it as an example of a situation in 
which the legislature has waived immunity for breach of contract claims.  Id. 
at 521 & n.21.  The court concluded that “when a governmental entity 
is exposed to suit because of a waiver of immunity, it cannot nullify that 
waiver by settling the claim with an agreement on which it cannot be 
sued.”  Id. at 521.
Catalina Development Inc. v. County of El Paso
        Next 
came Catalina Development Inc. in 2003. 121 S.W.3d at 704.  In Catalina, 
the court again dealt with the waiver-by-conduct exception to the sovereign 
immunity rule.  Id.  The appellant in that case argued that El 
Paso County waived immunity from suit by advertising for bids to sell some land, 
accepting appellant’s bid, accepting and depositing the appellant’s earnest 
money, and sending the appellant an earnest money contract to sign.  Id. 
at 705.  The county argued that its conduct constituted acts of contract 
formation, which did not waive immunity from suit.  Id.
        The 
appellant in Catalina distinguished his case from Federal Sign 
saying that he had fully performed under the contract.  Id. at 
706.  The court noted that in Federal Sign the State was the buyer 
of commercial goods while here the county was the seller of government 
land.  Id.  The appellant did not wish to recover for goods 
already conveyed, instead he wished to enforce a sale of land that belonged to 
the people of the county.  Id. Under these facts, the supreme court 
held that the county did not waive immunity from suit.  Id.
Courts of Appeals
        Many 
courts of appeals have also dealt with the issue of waiver of governmental 
immunity to suit. Most have held that “sue and be sued” language clearly and 
unambiguously waives immunity from suit. A minority of others, however, have 
held differently. Accordingly we now briefly review holdings from this court and 
others.
        This 
court has held that “sue and be sued” language waives immunity from suit in 
a breach of contract context.[5] See Henry, 52 
S.W.3d at 448-49 (analyzing tort and contract claims separately and holding that 
“sue and be sued” language of the health and safety code waived hospital’s 
immunity from suit for breach of contract); Knowles v. City of Granbury, 
953 S.W.2d 19, 23 (Tex. App.—Fort Worth 1997, pet. denied) (holding that local 
government code and city charter providing that city “may sue, and be sued; 
[and] may contract and may be contracted with,” waived city’s immunity from 
suit); Avmanco, Inc. v. City of Grand Prairie, 835 S.W.2d 160, 165 (Tex. 
App.—Fort Worth 1992, writ dism’d as moot) (holding in a breach of contract 
case that government code waived city’s immunity from suit by providing that 
“a municipality may plead and be impleaded in any court” and city charter 
waived immunity from suit by providing that the city “may sue and be 
sued”).  But cf. City of Fort Worth v. Pastusek Indus., Inc., 
48 S.W.3d 366, 372 (Tex. App.—Fort Worth 2001, no pet.) (holding that appellee 
presented no evidence in pleadings or elsewhere in the record demonstrating 
legislative permission to sue city for breach of contract; accordingly, no 
waiver of immunity from suit was shown, and appellee could not maintain an 
action against city for breach of contract).
        A 
majority of other appellate courts have also concluded that “sue and be 
sued” and similar language expresses the legislature’s general consent to be 
sued and waives a governmental entity’s immunity from suit based upon the 
binding precedent of Missouri Pacific.[6]  
Other appellate courts, however, have declined to follow Missouri Pacific 
and have held that “sue and be sued” and similar language does not waive a 
governmental entity’s immunity from suit.[7]  
We note that the issue of whether “sue and be sued” and similar language 
waives immunity from suit is currently before the Texas Supreme Court in twelve 
cases in which petitions for review have been filed or are pending: San 
Antonio ISD (San Antonio), Adams (Amarillo), EPGT Tex. Pipeline 
(Houston [1st Dist.]), City of Texarkana (Texarkana), MEB Engineering 
(Houston [1st Dist.]), United Water Services (Houston [1st Dist.], Clear 
Channel (Houston [14th Dist.]), City of Carrollton (Dallas), Browning 
Construction Co. (San Antonio), Satterfield (Dallas), Tooke 
(Waco), and Goerlitz (El Paso).[8]
Summary of Texas Supreme Court Immunity Law
        Regardless 
of the minority of appellate courts that have held that “sue and be sued” 
language does not clearly waive immunity from suit, our review of the supreme 
court case law does not reveal that Missouri Pacific has been implicitly 
overruled.  Missouri Pacific expressly held that “sue and be 
sued” language gives general consent to suit, and no Texas Supreme Court case 
since Missouri Pacific has addressed exactly the same issue.  See 
Mo. Pac., 453 S.W.2d at 813.
        Our 
review of the case law from the Texas Supreme Court dealing with waiver of 
immunity from suit does not reveal that the court has departed from its holding 
in Missouri Pacific in the three decades following the holding.  
Nothing in these cases can be construed to overrule the holding of Missouri 
Pacific. Additionally, since Missouri Pacific was decided, eight 
supreme court cases have cited it, some on different grounds, without indicating 
any negative subsequent history regarding its holding that “sue and be sued” 
language waives immunity from suit in a breach of contract case.  See 
Univ. of Tex. S.W. Med. Ctr. at Dallas v. Loutzenhiser, 140 S.W.3d 351, 358 
n.25 (Tex. 2004); Lawson, 87 S.W.3d at 520 n.15, 521 n.21; Pelzel, 
77 S.W.3d at 250-51; IT-Davy, 74 S.W.3d at 853; Little-Tex, 39 
S.W.3d at 594; Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 
1999); Fed. Sign, 951 S.W.2d at 405, 408; Guaranty Petroleum Corp. v. 
Armstrong, 609 S.W.2d 529, 530 (Tex. 1980).
        Regardless, 
FWISD argues that the applicable standard for waiver of immunity from suit is by 
clear and unambiguous language and that this standard does not comport with the Missouri 
Pacific holding that “sue and be sued” language is quite plain 
and gives general consent to be sued in the courts of Texas. See Satterfield, 
123 S.W.3d at 67.  While we agree that waiver of immunity from suit must be 
by clear and unambiguous language, we do not agree that the Missouri Pacific 
holding is inconsistent with this standard. See Tex. Gov’t Code Ann. § 311.034 
(dictating that waiver of immunity must be “effected by clear and unambiguous 
language”).  The use and meaning of the phrase “quite plain” is 
consistent with the meaning of “clear and unambiguous.”
        Stare 
decisis has its greatest force in statutory construction cases.  Grapevine 
Excavation, Inc. v. Maryland Lloyds, 35 S.W.3d 1, 5 (Tex. 2000).  
Adhering to precedent fosters efficiency, fairness, legitimacy, and 
predictability in the law.  Id.  As a lower court, we are bound 
by supreme court precedent.  Lubbock County v. Trammel's Lubbock Bail 
Bonds, 80 S.W.3d 580, 585 (Tex. 2002) (requiring intermediate appellate 
courts to follow supreme court precedent and leave to the supreme court the 
matter of abrogating or modifying its own precedent); see also Law Offices of 
Windle Turley, P.C. v. French, 140 S.W.3d 407, 413 (Tex. App.—Fort Worth 
2004, no pet.) (op. on reh’g) (recognizing that court of appeals is bound by 
supreme court precedent).  Furthermore, precedent from this court dictates 
the same result.  See cases cited supra p. 26; see also 
Mobil Oil Corp. v. Shores, 128 S.W.3d 718, 722-23 (Tex. App.—Fort Worth 
2004, no pet.) (op. on reh’g) (basing decision in that case in part on binding 
precedent of this court).
        “It 
is a firmly established statutory construction rule that once appellate courts 
construe a statute and the Legislature re-enacts or codifies that statute 
without substantial change, we presume that the Legislature has adopted the 
judicial interpretation.”  Grapevine, 35 S.W.3d at 5.  Since 
the supreme court’s decision in Missouri Pacific, the legislature has 
codified the statute construed in that case with no change to the “sue and be 
sued” language.  See Act of March 29, 1971, 62nd Leg., R.S., ch. 
58, §§ 1, 2, 1971 Tex. Gen. Laws 110, 611, 658, 661 (current version at Tex. Water Code Ann. § 62.078 (Vernon 
2004)).  Additionally, section 11.151 of the education code is a 
re-enactment of former section 23.26; the legislature re-enacted that section 
without any change in the “sue and be sued” language despite a prior court 
of appeals case holding that the “sue and be sued” language waived a school 
district’s immunity from suit.  See Act of May 27, 1995, 74th 
Leg., R.S., ch. 260, § 1, 1995 Tex. Gen. Laws 2207, 2227 (amended 2003) 
(current version at Tex. Educ. Code Ann. 
§ 11.151); Act of June 2, 1969, 61st Leg., R.S., ch. 889, § 1, 1969 Tex. Gen. 
Laws 2735, 2954, repealed by Act of May 27, 1995, 74th Leg., R.S., ch. 
260, § 58, 1995 Tex. Gen. Laws 2207, 2498; Dillard, 806 S.W.2d at 594; see 
also Fazekas, 565 S.W.2d at 302 (holding immunity from suit waived under 
different section of education code, which also contains “sue and be sued” 
language).
        Accordingly, 
we join the majority of the courts of appeals and hold that Missouri Pacific 
has not been overruled by implication.  See Lubbock County, 80 
S.W.3d at 585. Although we recognize that other statutes may use more explicit 
language to waive immunity,[9] that the more recent 
trend is for the legislature to waive immunity using more explicit statutory 
language; and that review is pending in the supreme court on many cases from our 
sister courts on this very issue, we are compelled and bound by Texas Supreme 
Court precedent and the principles of stare decisis and, accordingly, must hold 
that the “sue and be sued” language of the Texas Education Code waives the 
school district’s immunity from suit in a breach of contract case.  See 
id.  We, as an intermediate appellate court, are reluctant to depart 
from the black letter of the law.  We would rather err on the side of 
following controlling supreme court precedent—leaving the enunciation of any 
new or evolving standard to that court—than err by encroaching on the 
legislative or supreme court lawmaking functions.  We sustain appellant’s 
first and second issues.
VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES
        In 
its fifth issue, appellant complains that the trial court erred by dismissing 
the case for failure to exhaust its administrative remedies as required under 
the education code.  Texas law requires that an aggrieved party must first 
exhaust all remedies provided under the statutory administrative scheme if the 
subject matter (1) concerns the administration of school laws, and (2) involves 
questions of fact. Mission ISD v. Diserens, 188 S.W.2d 568, 570 (Tex. 
1945); Jones v. Dallas ISD, 872 S.W.2d 294, 296 (Tex. App.—Dallas 1994, 
writ denied).  An aggrieved party is not required to exhaust administrative 
remedies when only a question of law exists.  Harlandale ISD v. 
Rodriguez, 121 S.W.3d 88, 91-92 (Tex. App.—San Antonio 2003, no pet.).
        Former 
Texas Education Code section 11.13(a) required that persons having a dispute 
arising under the school laws of Texas, or any person aggrieved by actions or 
decisions of any board of trustees or board of education, may appeal in writing 
to the commissioner of education.  Act of June 2, 1969, 61st Leg., R.S., ch. 
889, § 1, 1969 Tex. Gen. Laws 2735, 2757, repealed by Act of May 27, 
1995, 74th Leg., R.S., ch. 260, § 58, 1995 Tex. Gen. Laws 2207, 2498 (current 
version at Tex. Educ. Code Ann. § 
7.057 (Vernon Supp. 2004-05)).[10]  Courts have 
interpreted this statute as imposing a mandatory duty to exhaust administrative 
remedies before bringing an action in district court.  Janik v. Lamar 
Consol. ISD, 961 S.W.2d 322, 323 (Tex. App.—Houston [1st Dist.] 1997, pet. 
denied).
        Here, 
FWISD argues that because appellant’s claims rely upon the interpretation and 
application of education code section 37.008(g), the case involves the 
administration of school laws.  FWISD also contends that former education 
code section 11.13(a) dictates that appellant must exhaust administrative 
remedies before bringing suit.  Jones, 872 S.W.2d at 296.  When 
looking at whether appellant must exhaust administrative remedies as a 
prerequisite to bringing this case in the trial court, we must analyze this 
issue in light of appellant’s pleadings.
        Appellant 
argues that it was not required to exhaust administrative remedies because it is 
a third-party vendor suing for a debt on a breach of contract claim.  See 
Spring Branch ISD v. Metalab Equip. Co., 381 S.W.2d 48, 48 (Tex. 
1964).  In a short per curiam opinion, the court in Spring Branch held 
that a suit by a corporation against an independent school district for breach 
of contract to buy laboratory equipment did not embrace a complaint relating to 
administration of school laws, and an action could be maintained in the trial 
court without first exhausting administrative remedies.  Id.
        Similarly, 
the Texarkana court of appeals has also held that a breach of contract action 
against a public school district by a vendor that successfully bid on a contract 
to furnish vehicles to the district did not relate to the administration of 
school laws, and thus was not subject to the exhaustion of remedies 
requirement.  New Caney ISD v. Burnham AutoCountry, Inc., 30 S.W.3d 
534, 537 (Tex. App.—Texarkana 2000, pet. denied).  The claims in New 
Caney related to the terms of contract and not the statutory procedures for 
bidding on school contracts.  Id.  The Texarkana court cited Spring 
Branch as authority for holding that an action by an outside vendor against 
a school district for debt and breach of contract does not relate to the 
administration of school laws. Id.
        Regardless, 
FWISD contends that the interpretation and application of section 37.008(g) 
involves the administration of school laws and that issues of fact regarding the 
proper amount of funding for a specific education program under school law are 
at issue here.  FWISD therefore contends that appellant must exhaust 
administrative remedies before bringing suit.  See Jones, 872 S.W.2d 
at 296.
        We 
disagree that appellant’s claims can be categorized as “arising under the 
school laws of Texas” and automatically trigger the administrative remedies 
requirement of former section 11.13(a).  As we previously concluded, 
appellant’s claims center around the contract and general contract law.  
The resolution of the dispute centering on section 37.008(g) of the education 
code depends upon whether the contract can be interpreted to include section 
37.008(g).  To determine if it can, the trial court must necessarily decide 
whether the law can be interpreted to mean what appellant says it does and, if 
it can, whether it can be incorporated into the contract.
        This 
is a contract case that depends upon the interpretation of that contract and the 
meaning of a statute.  And, according to appellant’s pleadings, this case 
was not brought under the school laws of Texas, but under the common law of 
contract.  Although appellant seeks to incorporate section 37.008(g) into 
the contract, we conclude appellant’s contract claims do not relate to the 
administration of school laws.  See Spring Branch ISD, 381 S.W.2d at 
48; New Caney ISD, 30 S.W.3d at 537.
        Additionally, 
it is well-settled that, generally, a party need not exhaust administrative 
remedies when the issue before the court is a pure question of law.  See 
Grounds v. Tolar ISD, 707 S.W.2d 889, 892 (Tex. 1986); City of Austin v. 
Pendergrass, 18 S.W.3d 261, 264-65 (Tex. App.—Austin 2000, no pet.). 
Statutory construction is a matter of law, which we review de novo.  In 
re Canales, 52 S.W.3d 698, 701 (Tex. 2001); Johnson v. City of Fort Worth, 
774 S.W.2d 653, 656 (Tex. 1989).
        Appellant’s 
claims ultimately rely upon the interpretation of the language in section 
37.008(g) because appellant interprets the language, “school district shall 
allocate to a disciplinary alternative education program,” to mean that the 
school district is required to pay appellant an amount equal to that allocated 
to students in regularly assigned education programs.  Whether 
“allocate” and “program” can be interpreted to mean “pay” and 
“appellant,” respectively, is a matter of statutory interpretation.  As 
such, it is a matter of law for the trial court.
        We 
hold that appellant’s contract claims do not arise under the school laws of 
Texas, but under general contract law. Appellant’s claims also depend upon 
statutory interpretation of section 37.008(g).  Accordingly, we conclude 
appellant was not required to exhaust administrative remedies before bringing 
its case in the trial court.  Appellant’s fifth point is sustained.
VII. CONCLUSION
        Having 
sustained all of appellant’s points, we reverse the judgment of the trial 
court and remand the case for proceedings consistent with this opinion.
  
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
CAYCE, 
C.J,. dissents without opinion.
 
DELIVERED: 
March 3, 2005


NOTES
1.  
Appellant did not allege an actual numerical amount.
2.  
Sovereign immunity refers to the State’s immunity while governmental immunity 
refers to the immunity of other State-created units such as school 
districts.  Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 
n.3 (Tex. 2003).
3.  
The court agreed that a private litigant does not need legislative permission to 
sue the State for a state official’s violations of state law. Id. at 
404.
4.  
This statute is not applicable to a contract executed or awarded on or before 
August 30, 1999.  Tex. Gov’t Code 
Ann. § 2260.002(2) (Vernon Supp. 2004-05).  The contract between 
appellant and FWISD was executed on December 12, 1995 and applied to the 1995-96 
school year.
5.  
We note that in Texas Department of Mental Health v. Lee, 38 S.W.3d 862 
(Tex. App.—Fort Worth 2001, pet. denied), this court held that the mere 
incorporation of another statute into health and safety code section 321.001, 
which defines treatment facilities to include public facilities, does not, 
without more, manifest a clear legislative intent to the contrary to waive 
immunity with regard to governmental entities in suits under the Tort Claims 
Act. Id. at 871.
6.  
See San Antonio ISD v. City of San Antonio, No. 04-03-835-CV, 2004 WL 
2450919, at *2-3 (Tex. App.—San Antonio Nov. 3, 2004, pet filed) (mem. op.) 
(holding that legislature clearly and unambiguously waived immunity from suit 
for independent school districts in section 11.151(a) of the Texas Education 
Code); City of Lubbock v. Adams, 149 S.W.3d 820, 824-25 (Tex. 
App.—Amarillo 2004, pet. filed) (holding that “sue and be sued” language 
in city charter waives immunity from suit in accordance with Missouri Pacific 
and majority of courts of appeals’ cases); EPGT Tex. Pipeline, L.P. v. 
Harris County Flood Control Dist., No. 01-02-01056-CV, 2004 WL 1794715, at 
*7 (Tex. App.—Houston [1st Dist.] Aug. 12, 2004, pet. filed) (holding that 
“sue and be sued” language in water code waives flood control district’s 
immunity from suit); City of Texarkana v. City of New Boston, 141 S.W.3d 
778, 787 (Tex. App.—Texarkana 2004, pet. filed) (holding that the words 
“plead and be impleaded” in section 51.075 of the Texas Local Government 
Code are synonymous with “sue and be sued” and “waive governmental 
immunity from suit in light of the Texas Supreme Court’s decision in Missouri 
Pacific Railroad”); Metro. Transit Auth. v. MEB Eng’g, Inc., No. 
01-04-00022-CV, 2004 WL 1584958, at *3 (Tex. App.—Houston [1st Dist.] July 15, 
2004, pet. filed) (holding that transportation code section providing that 
transit authority may sue and be sued waives governmental immunity from suit 
under Missouri Pacific); United Water Servs., Inc. v. City of Houston, 
137 S.W.3d 747, 755 (Tex. App.—Houston [1st Dist.] 2004, pet. filed) (holding 
that “sue and be sued” language clearly and unambiguously waived city’s 
immunity from suit in a breach of contract suit); City of Houston v. Clear 
Channel Outdoor, Inc., No. 14-03-00022-CV, 2004 WL 63561, at *1 (Tex. 
App.—Houston [14th Dist.] Jan. 15, 2004, pet. filed) (holding that language 
“may plead and be impleaded in any court” clearly and unambiguously waived 
city’s immunity from suit); Alamo Cmty. Coll. Dist. v. Browning Constr. Co., 
131 S.W.3d 146, 154 (Tex. App.—San Antonio 2004, pet. filed) (holding “sue 
and be sued” language in education code clearly and unambiguously waived 
immunity from suit); Goerlitz v. City of Midland, 101 S.W.3d 573, 577 
(Tex. App.—El Paso 2003, pet. filed) (holding immunity from suit waived 
because city charter provides the city may sue and be sued); Welch v. 
Coca-Cola Enters., 36 S.W.3d 532, 538 (Tex. App.—Tyler 2000, pet. 
withdrawn) (holding immunity from suit waived because education code provides 
the school district trustees may sue and be sued); Bates v. Tex. State Tech. 
Coll., 983 S.W.2d 821, 827 (Tex. App.—Waco 1998, pet. denied) (holding 
school’s immunity from suit waived because education code provides college 
board may sue or be sued); Alamo Comm. Coll. Dist. v. Obayashi Corp., 980 
S.W.2d 745, 747-48 (Tex. App.—San Antonio 1998, pet. denied) (holding 
school’s immunity from suit waived because education code provides independent 
school district trustees can sue or be sued), abrogated in part on other 
grounds, Little-Tex, 39 S.W.3d at 598; Engelman Irrigation Dist. 
v. Shields Bros., Inc., 960 S.W.2d 343, 348 (Tex. App.—Corpus Christi 
1997) (concluding that ”sue and be sued” language in water code section 
58.098 “provided clear and unambiguous consent for the Irrigation District to 
be sued”), pet. denied, 989 S.W.2d 360 (Tex. 1998); Loyd v. ECO 
Res., Inc., 956 S.W.2d 110, 122-23 (Tex. App.—Houston [14th Dist.] 1997, 
no pet.) (holding water code provision stating that water district could sue and 
be sued waived immunity from suit); Dillard v. Austin ISD, 806 S.W.2d 
589, 594 (Tex. App.—Austin 1991, writ denied) (op. on reh’g) (holding 
school’s immunity from suit waived because education code provides school 
district trustees may sue and be sued); Fazekas v. Univ. of Houston, 565 
S.W.2d 299, 302 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ ref’d n.r.e) 
(holding immunity from suit waived because education code provides University of 
Houston Board of Regents may sue and be sued), superseded by Act of May 
15, 1985, 69th Leg., R.S., ch. 378, § 1, 1985 Tex. Gen. Laws 1466, 1466 
(current version at Tex. Educ. Code Ann. 
§ 111.33 (Vernon 2002)); cf. City of San Antonio v. Butler, 131 S.W.3d 
170, 177 (Tex. App.—San Antonio 2004, pet. filed) (holding that “plead and 
be impleaded” language in local government code and “sue and be sued” 
language in city charter does not waive immunity from suit in tort cases, which 
are governed by the Tort Claims Act).
7.  
See City of Roman Forest v. Stockman, 141 S.W.3d 805, 813 (Tex. 
App.—Beaumont 2004, no pet.) (2-1 decision) (holding that, in light of the 
“recent emphasis by the Texas Supreme Court and the Texas Legislature on the 
necessity of ‘clear and unambiguous’ waiver,” “sue and be sued” 
language in local government code does not waive immunity from suit); City of 
Carrollton v. McMahon Contracting, L.P., 134 S.W.3d 925, 927-28 (Tex. 
App.—Dallas 2004, pet. filed) (concluding that “plead and be impleaded” 
language in local government code does not waive immunity from suit); Satterfield, 
123 S.W.3d at 68 (holding “sue and be sued” language of the education code 
did not clearly and unambiguously waive school district’s immunity from suit); 
City of Dallas v. Reata Constr. Corp., 83 S.W.3d 392, 398 (Tex. 
App.—Dallas 2002) (holding that “sue and be sued” language refers to the 
city’s capacity to sue when immunity has otherwise been waived), rev'd on 
other grounds, 47 Tex. Sup. Ct. J. 408, 2004 WL 726906, at *3 (Tex. April 2, 
2004); Jackson v. City of Galveston, 837 S.W.2d 868, 871 (Tex. 
App.—Houston [14th Dist.] 1992, writ denied) (holding that “sue and be 
sued” language did not “impliedly” waive a city’s immunity to suit), declined 
to follow in Clear Channel Outdoor, Inc., 2004 WL 63561, at *4; Townsend 
v. Mem’l Med. Ctr., 529 S.W.2d 264, 267 (Tex. Civ. App.—Corpus Christi 
1975, writ ref’d n.r.e.) (holding that “sue and be sued” language did not 
“impliedly” waive a hospital district’s immunity to suit); Childs v. 
Greenville Hosp. Auth., 479 S.W.2d 399, 401 (Tex. Civ. App.—Texarkana 
1972, writ ref’d n.r.e.) (holding that “sue and be sued” language did not 
“impliedly” waive a hospital district’s immunity to suit, but relying on 
pre-Missouri Pacific cases to support its holding). But see City of 
Mexia v. Tooke, 115 S.W.3d 618, 621-23 (Tex. App.—Waco 2003, pet. granted) 
(holding that language indicating that the city can “plead and be impleaded” 
does not constitute clear and unambiguous waiver of immunity from suit, but 
recognizing that “sue and be sued” language provides the “requisite 
clarity to establish a waiver of immunity from suit”).
8.  
San Antonio ISD, 2004 WL 2450919, at *2-3 (mem. op.) (holding that 
legislature clearly and unambiguously waived immunity from suit for independent 
school districts in section 11.151(a) of the Texas Education Code); Adams, 
149 S.W.3d at 824-25 (holding that “sue and be sued” language in city 
charter waives immunity from suit in accordance with Missouri Pacific and 
majority of courts of appeals’ cases); EPGT Tex. Pipeline, 2004 WL 
1794715, at *7 (holding that “sue and be sued” language in water code waives 
flood control district’s immunity from suit); City of Texarkana, 141 
S.W.3d at 787 (holding that the words “plead and be impleaded” in section 
51.075 of the Texas Local Government Code are synonymous with “sue and be 
sued” and “waive governmental immunity from suit in light of the Texas 
Supreme Court’s decision in Missouri Pacific Railroad”); MEB 
Eng’g, Inc., 2004 WL 1584958, at *3 (holding that transportation code 
section providing that transit authority may sue and be sued waives governmental 
immunity from suit under Missouri Pacific); United Water Servs., Inc., 
137 S.W.3d at 755 (holding that “sue and be sued” language clearly and 
unambiguously waived city’s immunity from suit in a breach of contract suit); Clear 
Channel Outdoor, Inc., 2004 WL 63561, at *1 (holding that language “may 
plead and be impleaded in any court” clearly and unambiguously waived city’s 
immunity from suit); City of Carrollton, 134 S.W.3d at 927-28 (concluding 
that “plead and be impleaded” language in local government code does not 
waive immunity from suit); Browning Constr. Co., 131 S.W.3d at 154 
(holding “sue and be sued” language in education code clearly and 
unambiguously waived immunity from suit); Satterfield, 123 S.W.3d at 68 
(holding “sue and be sued” language of the education code did not clearly 
and unambiguously waive school district’s immunity from suit); Tooke, 
115 S.W.3d at 621-23 (holding that language indicating that the city can 
“plead and be impleaded” does not constitute clear and unambiguous waiver of 
immunity from suit, but recognizing that “sue and be sued” language provides 
the “requisite clarity to establish a waiver of immunity from suit”); Goerlitz, 
101 S.W.3d at 577 (holding immunity from suit waived because city charter 
provides the city may sue and be sued).
9.  
Clear and unambiguous waivers of consent to suit include, for example, the Tort 
Claims Act, which provides that “[s]overeign immunity to suit is waived and 
abolished to the extent of liability created by this chapter.” Tex. Civ. Prac. & Rem. Code Ann. § 
101.025(a). The Private Real Property Rights Preservation Act states that 
“[s]overeign immunity to suit and liability is waived and abolished to the 
extent of liability created by this chapter.” Tex. Gov’t Code Ann. § 2007.004(a) 
(Vernon 2000). The Whistleblower Act allows public employees who allege a 
violation of the act to “sue the employing state or local governmental entity 
for the relief,” and dictates that “[s]overeign immunity is waived and 
abolished to the extent of liability for the relief allowed under this 
chapter.” Id. § 554.0035 (Vernon 2004).
10.  
The repealing act contained a savings provision stating that any appeal of an 
action taken or a decision made by a board of trustees before January 1, 1996 is 
governed by section 11.13 of the education code as it existed before it was 
repealed.  Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 60, 1995 Tex. 
Gen. Laws 2207, 2499.