**Frederick SEAMANS, Barbara Seamans, Individually and as Representatives of the Estate of Karen Seamans, Deceased, Appellants,**

v.

**HARRIS COUNTY HOSPITAL DISTRICT, Individually and D/B/A Ben Taub Hospital, Appellees.**

**No. 14–94–01028–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 27, 1996.

Grant Kaiser, Donald G. Wilhelm, Houston, for appellants.

Glen Van Slyke, Houston, for appellees.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

HUDSON, Justice.

This is an appeal from a summary judgment entered in favor of appellees, Harris County Hospital District and Ben Taub General Hospital. Appellants sued appellees under the Texas Tort Claims Act when their daughter's body, after being donated to science, laid forgotten in the hospital morgue until no longer useful for medical study. The trial court granted appellees' motion for summary judgment.[1] We affirm.

The summary judgment proof reflects that Karen Seamans, a 19–year–old woman born with a heart defect, suffered a stroke on May 3, 1990. She was taken to Ben Taub Hospital for treatment. Ms. Seamans expired on June 7, 1990. In accordance with her wishes, Seamans' parents arranged for her body to be donated to the Baylor College of Medicine for anatomical study. Shortly after that, Maria Montes, the supervisor of the admitting office at Ben Taub, called Baylor to advise the college of the donation. When Montes called, she reached an answering machine. Montes left a message advising the college that Seamans' body had been donated to the medical school. She also included the telephone number of the admitting office where the college could call back and verify the information. Montes then left a report of the incident for the admitting supervisor on the next shift. Apparently, the college did not contact the hospital, and the admitting supervisor for the hospital did not follow up with a second call to the college.

Because of these errors, Baylor did not receive Seamans' body. Instead, it was placed in the hospital morgue, where it remained for some 22 days. After the body was no longer in a condition suitable for medical research, Ben Taub contacted Seamans' parents and notified them that the body was still at the hospital. Because of Ben Taub's misuse of its tangible property, *i.e.*, its failure to use its gurneys, transport vehicles, and other equipment to "preserve"

---

1. Appellees note that Ben Taub General Hospital is not a legal entity with the capacity to be sued, but merely an administrative department of Harris County Hospital District. The Court is aware that there is but one defendant entity and this point is not at issue in this appeal. However, for the sake of clarity, as the trial court's order refers to Ben Taub as a defendant, we will refer to Ben Taub and the Hospital District collectively as "appellees."

Seamans' body for its intended use, Seamans' parents claim to have suffered great emotional pain and distress.

Under the doctrine of sovereign immunity, the State is not liable for the torts of its officers or agents in the absence of a constitutional or statutory provision therefor. *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976). State agencies such as the Harris County Hospital District share this governmental immunity. *See Id.* The sole inquiry in this appeal is whether or not the appellees are immune from liability. Appellees claim their immunity arises under two different sources: (a) the doctrine of sovereign immunity as modified by the Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986), and (b) a specific grant of immunity under the Anatomical Gift Act, TEX. HEALTH & SAFETY CODE ANN. § 692.016 (Vernon 1992).

### Sovereign Immunity

■ The Tort Claims Act did not abolish the doctrine of sovereign immunity. *University of Texas Medical Branch v. York*, 871 S.W.2d 175, 177 (Tex.1994). It merely operates to waive governmental immunity in certain circumstances. *Id.* The Act provides that a governmental unit is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of his employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986).

■ Appellants claim their injuries are a result of appellees' "negligent acts or omissions arising from a motor-driven vehicle and the condition or use of tangible personal property including Ben Taub's gurney, morgue refrigeration units, transport vehicle, policy and procedure manual [2] and corpse 'preservation' property and other equipment." However, it was not the use or misuse of any of these items that resulted in the emotional injuries to the appellants. While it is clear the appellees used such property, mere usage does not meet the statutory requirement for causation. *Lowe v. Harris County Hosp. Dist.*, 809 S.W.2d 502, 504 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Russell v. Texas Dep't of Human Resources*, 746 S.W.2d 510, 513 (Tex.App.—Texarkana 1988, writ denied).

Because tangible components of the material world must be faced on a daily basis, tangible personalty plays at least some role in every imaginable action. *Lowe*, 809 S.W.2d at 504. Causation is the key, and creative pleading cannot replace the rule of immunity with its exception. *Id.* The Tort Claims Act requires that the injury be caused by a condition or use of property or the negligent operation of a vehicle. TEX. CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). The use or nonuse of any property or vehicle by appellees in this case is merely incidental. Seamans' body would have been used for its intended purpose if Ben Taub had successfully transmitted *information* regarding the donation to the medical school. *See City of Gladewater v. Pike*, 727 S.W.2d 514, 518 (Tex.1987). Information is intangible, and appellees' governmental immunity has not been waived. *York*, 871 S.W.2d at 179.

Appellants attempt to distinguish *York* by arguing its holding is limited to information contained in medical records. This argument has no merit. The stated rationale for the court's holding is that information, whether

---

**2.** Appellants concede that their claim relating to misuse of the hospital's policy and procedure manual has been addressed by *Kassen v. Hatley*, 887 S.W.2d 4 (Tex.1994). This case held that a hospital's procedure manual was not "tangible personal property" within the meaning of the Tort Claims Act. *Id.*, at 14.

recorded in a patient's medical records or not, is intangible and thus not covered by the Tort Claims Act. *York*, 871 S.W.2d at 179. Moreover, the summary judgment proof shows the postmortem consent form that confirms the donation is, in fact, added to the patient's chart and is necessarily part of the medical records.

### Anatomical Gift Act

As noted above, appellees also claim immunity under the Anatomical Gift Act. The relevant section of the Act provides immunity for a person acting in good faith if the prerequisites for an anatomical gift are met. TEX. HEALTH & SAFETY CODE ANN. § 692.016(a) (Vernon 1992). Appellants claim the hospital acted recklessly and in bad faith. These claims are at best mere conclusions and they do not constitute effective summary judgment proof. *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex.1984). The deposition excerpts cited by appellants do not show bad faith, but merely establish the failed attempt to notify the Baylor College of Medicine about the donation.

The appellees are immune from suit under both the doctrine of sovereign immunity and the Anatomical Gift Act. Accordingly, the judgment of the trial court is affirmed.