Reversed and Remanded and Opinion filed July 28, 2005









Reversed and Remanded and Opinion filed July 28, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00263-CV

 



 



TOMBALL HOSPITAL AUTHORITY,
Appellant

 

V.

 

HARRIS COUNTY
HOSPITAL DISTRICT, Appellee

 



 

On Appeal from the 165th
District

Harris County, Texas

Trial Court Cause No. 2003-02363

 



 

O P I N I O N








This appeal arises out of a dispute over who should bear the
responsibility of paying for indigent healthcare.  Appellant, Tomball Hospital Authority (ATomball@), provided over $480,000 of medical
services to indigent patients who were eligible for free or reduced-cost
healthcare under the Indigent Health Care and Treatment Act.[1]  When Tomball sought reimbursement from the
Harris County Hospital District (AHarris County@), Harris County refused to pay, and
Tomball filed suit.  Harris County then
filed a plea to the jurisdiction and a motion for summary judgment.  The trial court granted Harris County=s plea to the jurisdiction without
ruling on its motion for summary judgment and dismissed the case for want of
jurisdiction.  On appeal, Tomball
contends the trial court improperly granted Harris County=s plea and erred in dismissing the
case.  We reverse and remand.

Factual and Procedural Background

The record reflects that between May 2001
and August 2003, Tomball accepted and provided medical treatment to numerous
patients who were believed to be eligible for free or reduced-cost healthcare
in Harris County under chapter 61 of the Texas Health and Safety Code,
otherwise known as the Indigent
Health Care and Treatment Act.  See
generally Tex. Health & Safety
Code Ann. '' 61.001B61.066 (providing the statutory scheme for healthcare
treatment of indigent patients).  Despite
being valid AGold Card Holders,@[2] some of these patients were turned
away by Harris County facilities and forced to seek treatment at Tomball
Regional Hospital (ATRH@), Tomball=s primary medical treatment facility.[3]  Other patients were diverted to TRH for
unspecified reasons.  Often requests were
made, by either the patient or Tomball, for transfers to Harris Country
facilities.  But in most instances Harris
County denied these requests.  Still,
other patients were treated and released by TRHCat Tomball=s expenseCwithout recognition from Harris
County that treatment was provided.  








After providing the patients= necessary healthcare, Tomball sent
numerous written notices and demands for reimbursement of the treatment
costs.  However, Harris County refused to
pay for treatment of any patients treated at TRH despite recognizing its
obligation to provide treatment had the patients been admitted to a Harris
County facility.[4]  Harris County averred Anot all provisions of the  [Indigent Health Care and Treatment Act]
apply to the District@ and further stated that it was Aexempt from requirements under the
[Act] concerning payment to other facilities in other counties.@








In light of Harris County=s refusals, Tomball filed suit
alleging violations of both the Texas Constitution and the Health & Safety
Code.  Specifically, Tomball claimed
Article IX, Section 4 of the constitution and section 281.046 of the Health
& Safety Code required Harris County to assume Afull responsibility@ for furnishing and providing medical
and hospital care for all indigent residents within Harris County.[5]  Moreover, Tomball claimed sections 61.045,
61.060, and 281.056 of the Health
and Safety Code waived Harris County=s immunity and made it liable for
costs of the treatment provided.[6]  Subsequently, Harris County filed a plea to
the jurisdiction arguing: (1) the court lacked jurisdiction under the doctrine
of governmental immunity; (2) the Health & Safety Code provided the county
courts with exclusive jurisdiction over the dispute; and, alternatively, (3)
the Texas Department of Health was vested with exclusive, original jurisdiction
to entertain the matter.  Harris County
also filed a motion for summary judgment on grounds that governmental immunity
precluded Tomball from bringing suit. 
After considering the pleadings and evidence, the trial court granted
Harris County=s plea to the jurisdiction but did not
rule on the motion for summary judgment.

Scope
of Review

Appellate courts
have jurisdiction over appeals from interlocutory orders only if expressly
provided by statute.  Stary v. DeBord,
967 S.W.2d 352, 352B53 (Tex. 1998) (per curiam).  Section 51.014(a)(8) of the Texas Civil
Practice and Remedies Code provides for an interlocutory appeal from an order
granting or denying a plea to the jurisdiction by a governmental unit.  Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8)
(Vernon Supp. 2004B2005).[7]  Therefore, because the trial court=s grant of Harris
County=s plea to the
jurisdiction was interlocutory, our jurisdiction over this dispute is
limited.  Tex. Mun. Power Agency,
100 S.W.3d at 514B15; see also Tex. Dep=t of Transp. v.
City of Sunset Valley, 8 S.W.3d 727, 730B31 & n.3 (Tex.
App.CAustin 1999, no
pet.) (holding in an appeal involving a plea to the jurisdiction under
51.014(a)(8), A[o]ur analysis is, of necessity, confined
only to [the parties=] jurisdictional  arguments@).








In reviewing a plea to the jurisdiction, we cannot examine
the merits of the case or the issues raised in a motion for summary
judgment.  See Cozby v. City
of Waco, 110 S.W.3d 32, 35B36 (Tex. App.CWaco 2002, no
pet.) (dismissing summary judgment points of error for want of jurisdiction and
addressing only the plea to the jurisdiction); see also County of Cameron v.
Brown, 80 S.W.3d 549, 555 (Tex. 2002) (AIn deciding a plea
to the jurisdiction, a court may not weigh the claims= merits but must
consider only the plaintiffs= pleadings and
evidence pertinent to the jurisdictional inquiry.@); City of
Houston v. Rushing, 7 S.W.3d 909, 913 (Tex. App.CHouston [1st
Dist.] 1999, pet. denied) (explaining that A[a] motion for
summary judgment concerns the merits of a lawsuit@ whereas Aa plea to the
jurisdiction concerns whether the pleadings state a cause of action that
confers jurisdiction on the trial court@); City of
Sunset Valley, 8 S.W.3d at 730B31 & n.3.  Therefore, we cannot address the issues
raised by Harris County=s summary judgment motion, but instead,
must limit our decision solely to the three jurisdictional issues raised by
Harris County=s plea. 
See, e.g., Cozby, 110 S.W.3d at 35B36; City of
Sunset Valley, 8 S.W.3d at 730B31 & n.3; Rushing,
7 S.W.3d at 913.

Plea to the Jurisdiction

Governmental Immunity[8]








Harris County
first argued in its plea to the jurisdiction that the trial court lacked
subject matter jurisdiction according to the doctrine of governmental
immunity.  Subject matter jurisdiction is
essential to a court=s power to decide a case.  Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 443 (Tex. 1993).  The
plaintiff bears the initial burden to allege facts that affirmatively
demonstrate the trial court has subject matter jurisdiction over the suit.  Id. at 446.  A defendant may challenge a court=s subject matter
jurisdiction by filing a plea to the jurisdiction.  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  If the
defendant is a governmental entity, it may file a plea on the basis of
governmental immunity.[9]  See, e.g., Tex. Natural Res.
Conservation Comm=n v. IT-Davy, 74 S.W.3d 849,
853B55 (Tex. 2002); Bland
Indep. Sch. Dist., 34 S.W.3d at 554; Tarrant County Hosp. Dist. v. Henry,
52 S.W.3d 434, 440 (Tex. App.CFort Worth  2001, no pet.).  A plaintiff who wishes to sue the State must
establish a waiver of immunity by pleading it with reference to a statute or
other express legislative decree.  See
IT-Davy, 74 S.W.3d at 855; Gen. Servs. Comm=n v. Little‑Tex
Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001).  Only the legislature can waive immunity from
suit, and it must do so by Aclear and
unambiguous@ language in a constitutional or statutory
provision.  See IT-Davy, 74 S.W.3d
at 853B54; Henry,
52 S.W.3d at 440; see also Tex.
Gov=t Code Ann. ' 311.034 (Vernon 2005) (A[A] statute shall
not be construed as a waiver of sovereign immunity unless the waiver is
effected by clear and unambiguous language.@) (emphasis
added).








When deciding a plea to the jurisdiction,
the trial court considers the allegations in the plaintiff=s petition and
accepts those allegations as true without considering the merits of the
case.  Harris County v. Proler, 29
S.W.3d 646, 647 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  The trial court
may also consider evidence especially relevant to the jurisdictional issues
raised.  See Bland Indep. Sch. Dist.,
34 S.W.3d at 555; City of Galveston v. Gray, 93 S.W.3d 587, 590 (Tex.
App.CHouston [14th
Dist.] 2002, pet. denied).  On appeal, we
review a trial court=s order on a jurisdictional plea based on
governmental immunity under a de novo standard.  IT-Davy, 74 S.W.3d at 855.  Furthermore, we construe the pleadings in the
plaintiff=s favor and look to the pleader=s intent.  Brown, 80 S.W.3d at 555; Brenham
Hous. Auth. v. Davies, 158 S.W.3d 53, 56 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).

Turning to the pleadings in this case,
Tomball relied on a number of statutory provisions  to support its claim that Harris County=s immunity from
suit had been waived.  Most
significantly, Tomball cited section 281.056(a) of the Health and Safety
Code.  In general, chapter 281 of the
Code enables the creation of county hospital districts like Harris County and
governs the duties and obligations of the districts once they are
established.  See Tex. Health
& Safety Code Ann. '' 281.001B.123 (Vernon 2001
& Supp. 2004B05). 
The chapter requires a board of hospital managers to be appointed who
are to oversee the operations of each district. 
See id.  Under the
subchapter entitled AGeneral Powers and Duties,@ the legislature
included section 281.056(a) which specifically states A[t]he board may
sue and be sued.@  Id.
at ' 281.056(a)
(emphasis added).  This is exactly the
kind of clear, unambiguous language courts recognize as a waiver of immunity
from suit. 

For example, in Missouri Pacific R.R.
Co. v. Brownsville Navigation District, the Texas Supreme Court held that a
statute permitting a navigation district to Asue and be sued@ was a Ageneral consent
for [the] District to be sued in the courts of Texas in the same manner as
other defendants.@ 
453 S.W.2d 812, 813 (Tex. 1970). 
The court further explained that the ADistrict is a
political subdivision that is always subject to suit by virtue of a general
statute . . . .@  Id.
(emphasis added).  Accordingly,
the court held it was error for the lower courts to grant the district=s plea to the
jurisdiction based on immunity from suit.  Id. at 814. 













The majority of appellate courts have
relied on Missouri Pacific to conclude Asue and be sued@ and similar
language clearly expresses the legislature=s intent to waive
a governmental entity=s immunity from suit.[10]  Other appellate courts have refused to follow
Missouri Pacific and, instead, have found Asue and be sued@ and similar language
is not a clear waiver of immunity from suit.[11]  However, this Court aligns itself with the
majority, and our most recent decisions indicate Asue and be sued@ language is a
sufficient pronouncement of legislative intent to waive immunity from suit.[12]
More significantly, the Texas Supreme Court has not overturned or
limited its holding from Missouri Pacific.  Quite the contrary, the court recently held Awe have little
difficulty recognizing the Legislature=s intent to waive
immunity from suit when a statute provides that a state entity may be sued
. . .@  Taylor, 106 S.W.3d at 696B97 (emphasis
added); see also Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d
246, 249B50 (Tex. 2002)
(holding that Asue and be sued@ at least arguably
shows intent to waive immunity from suits against counties).








In light of these considerations, and
until the legislature or the supreme court dictate otherwise,[13]
we hold section 281.056(a) of the Health and Safety Code stating Harris County
Hospital District=s board of managers may Asue and be sued@ is a sufficient
pronouncement of the intent to waive immunity from suit.  As such, Harris County=s plea to the
jurisdiction could not have been granted on the basis of governmental
immunity.  Therefore, we now turn to the
two additional arguments raised in Harris County=s plea to the
jurisdiction. See generally In re H.E. Butt Grocery Co., 17 S.W.3d 360,
367 (Tex. App.CHouston [14th Dist.] 2000, orig.
proceeding) (explaining that when, as here, a trial court=s order does not
state the grounds for granting a party=s motion, the
appellate court must review each of the grounds asserted and will affirm if any
grounds are meritorious); N. Am. Shipbuilding, Inc. v. S. Marine &
Aviation, 930 S.W.2d 829, 832 (Tex. App.CHouston [1st
Dist.] 1996, no writ) (same). 

County Court
Jurisdiction

The second
complaint in Harris County=s plea is that the
county courts have exclusive, original jurisdiction over any dispute involving
a patient=s ability to pay for healthcare.  Harris County contends this matter ultimately
involves a dispute over who must payCincluding the
patients= ability to payCfor medical
treatment under 281.071 of the Health and Safety Code.  See Tex. Health & Safety Code
Ann. ' 281.071 (Vernon 2001). 








Before reviewing the specific section
cited by Harris County, we first recognize the constitutional presumption that
a district court=s jurisdiction Aconsists of
exclusive, appellate, and original jurisdiction of all actions, proceedings,
and remedies, except in cases where exclusive, appellate, or original
jurisdiction may be conferred by this Constitution or other law on some other
court, tribunal, or administrative body.@ Tex. Const. art. V, ' 8.  Moreover, district courts are courts of
general jurisdiction and generally have subject matter jurisdiction absent a
showing to the contrary.  In re
Entergy Corp., 142 S.W.3d 316, 322 (Tex. 2004) (citing Dubai Petroleum
Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000)). 
Therefore, we must determine whether Harris County sufficiently showed
that the AConstitution or other law@ conveys
exclusive, appellate, or original jurisdiction on another court or
administrative agency.  See Tex. Const. art. V, ' 8; In re
Entergy Corp., 142 S.W.3d at 322.

Turning to section 281.071, our goal in construing the
statute is to determine and give effect to the Legislature=s intent.  In re Entergy Corp., 142 S.W.3d at
322.  When  a statute=s meaning is
unambiguous, as we believe the meaning of 281.071 is,  we interpret the statute according to the A>plain and common
meaning of the statute=s words.=@  Id. (quoting City of San Antonio v.
City of Boerne, 111 S.W.3d 22, 25 (Tex.2003)).  Here, section 281.071(e) unequivocally
states:

A county court of the county in which a patient=s hospital is
located shall hear and determine the ability of the patient or the patient=s relatives to pay
under this section if there is a dispute over this ability to pay or if
there is doubt in the mind of the [hospital district] administrator over this
ability.  The court shall hear witnesses
and issue any order that may be proper.

Tex. Health & Safety Code
Ann. ' 281.071(e)
(emphasis added).  Subsection (f)
continues by providing that A[a]n appeal from
an order of the county court must be made to a district court in the county in
which the [hospital] district is located.@  Id. at ' 281.071(f).  Harris County relies on these two provisions
to support its claim that the county court, not the district court, had
exclusive jurisdiction over the dispute. 
We disagree with Harris County=s interpretation
of the statute.








A closer examination of section 281.071
indicates it was intended to provide the method by which a healthcare provider
can seek payment/reimbursement from a patient. 
Particularly considering the title of the section, APayment and
Support,@ and the fact that
the remaining subsections provide for collection of payment from a patient, a
patient=s relatives, or a
patient=s estate.  Accordingly, section 281.071 is inapplicable
to this case.  Here, the dispute is not
over a patient=s ability to pay for medical treatment,
but rather, it involves two providers and their disagreement over which of the
two is required to pay for treatment of patients who already have
been determined unable to pay.[14]  Therefore, after reviewing the statutory text
of section 281.071 and construing the pleadings in the plaintiff=s favor, we
conclude that section 281.071 did not provide the county court with exclusive,
original jurisdiction over the case.

Texas Health Department

Alternatively, the final ground
articulated in Harris County=s plea to the
jurisdiction is that the Texas Department of Health was vested with exclusive,
original jurisdiction over a dispute like this one between a Aprovider of
assistance,@ such as Tomball, and a governmental
entity or hospital district.  Harris
County points to sections 61.004 and 61.059(e) of the Health and Safety Code to
support this proposition.  See Tex. Health & Safety Code Ann. '' 61.004, 61.059(e)
(Vernon 2001 & Supp. 2004B05).








Again we note that district courts are
presumed to have general subject matter jurisdiction over disputes absent a
showing to the contrary.  In re
Entergy Corp., 142 S.W.3d 316, 322 (Tex. 2004); Tex. Const. art. V, ' 8.  This same presumption does not apply to an
administrative agency, which is provided with only those powers that are
expressly conferred upon it by statute and that are necessary to achieve the
intended function of the agency.  Id. (citing
Subaru of Am. v. David McDavid Nissan, 84 S.W.3d 212, 220 (Tex. 2002);
Pub. Util. Comm=n v. GTE‑Southwest, Inc., 901 S.W.2d 401,
407 (Tex. 1995)).  Therefore, a state
agency such as the Texas Department of Health, has exclusive jurisdiction only
where the Legislature has provided a A>pervasive
regulatory scheme . . . intended . . . to be the exclusive means of remedying
the problem to which the regulation is addressed.=@ Id.
(quoting Subaru of Am., 84 S.W.3d at 221).  Accordingly, the Health and Safety Code
language cited by Harris County is determinative of whether the Legislature
created a Apervasive regulatory scheme intended to be
the exclusive means@ of adjudicating disputes like this
one.  

The specific provisions of the Health and Safety Code
applicable to this case dictate:

If a
provider of assistance and a governmental entity or hospital district cannot
agree on a person=s residence or whether a person is
eligible for assistance under this chapter, the provider or the governmental
entity or hospital district may submit the matter to the [Health] department.

Tex. Health &
Safety Code Ann. ' 61.004(a).[15]  Furthermore, sections 61.058 and 61.059
provide the procedure whereby a healthcare provider such as Tomball can notify
and seek an eligibility determination from the hospital that otherwise should
have treated the patient.  See id.
at '' 61.058B.059.  More specifically, 61.059(e) states A[i]f the public
hospital [i.e., Harris County] and the provider [i.e., Tomball] disagree on the
patient=s residence, the
hospital or provider may submit the matter to the [Health] department as
provided by Section 61.004.@  Id. at ' 61.059(e).








As we already have explained, Harris
County=s refusal to
reimburse Tomball was never premised on the patients= residency or
eligibility.  This argument appears to
have been inserted as an afterthought on appeal, particularly when we construe
the pleadings in favor of the pleaderCTomballCas we are required
to do.  Accordingly, we disagree with
Harris County=s contention that the ultimate
disagreement in this case involves the residency or eligibility of the patients
treated at TRH.  Therefore, after
interpreting the statutory provisions cited, considering the exact nature of
the claims filed by Tomball, and reviewing the issue as framed by the parties= original
pleadings, we find both parties initially viewed this dispute as one
over who was required to pay/reimburse for treatment of otherwise eligible Gold
Card Holders.  See Columbus Indep.
Sch. Dist., 162 S.W.3d at 816 (upholding a denial of the State=s plea to the
jurisdiction because the parties= pleadings did not
state a dispute which would fall within any exclusive jurisdiction of an
administrative agency).  Accordingly, we
sustain Tomball=s complaint that the trial court
improperly dismissed the case for lack of jurisdiction.

The judgment of the trial court is
reversed and this cause is remanded to the trial court.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed July 28, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.











[1]  See Tex.
Health & Safety Code Ann. ''
61.001B61.066 (Vernon 2001 & Supp. 2004B05).





[2]  AGold Card Holder@ is the
term used in the healthcare industry to describe an individual who resides in
Harris County and who, based on financial condition, has applied for and been
determined eligible to receive a  AGold Card,@ thus
entitling the person to free or reduced-cost healthcare pursuant to the Health
& Safety Code and Harris County=s
eligibility requirements.





[3]  For example,
one patient attempted to go to Harris County=s LBJ
Hospital but was denied admittance because the facility was on Adrive by status.@  Another patient was in an ambulance and asked
to be taken to Ben Taub Hospital but emergency medical service personnel
refused and, instead, transported her to TRH.





[4]   Harris County
took the position in correspondence leading to this suit that it was obligated
to care for only those Gold Card Holders who were actually patients Ain its facilities.@





[5]  See Tex. Const. art. IX, ' 4 (AThe Legislature may by law authorize creation of
county-wide Hospital Districts . . . [that] shall assume full responsibility
for providing medical and hospital care to needy inhabitants of the county.@) (emphasis added); Tex.
Health & Safety Code Ann. ' 281.046
(Vernon 2001) (A[T]he district assumes full responsibility for
furnishing medical and hospital care for indigent and needy persons residing in
the district.@) (emphasis added).





[6]  See Tex. Health & Safety Code Ann. ' 61.045 (explaining that a hospital district Ashall pay@ for
services rendered by another healthcare provider); id.at ' 61.060 (AA
hospital district is liable for health care services as provided by the
Texas Constitution and the statute creating the district.@) (emphasis added); id. at ' 281.056 (Vernon Supp. 2004B05) (stating that a hospital district=s board of managers may Asue and
be sued@).





[7]  Section 51.014(a)(8) provides, in relevant part, A[a] person may appeal from an interlocutory order of a
district court that grants or denies a plea to the jurisdiction by a
governmental unit as that term is defined in Section 101.001.@  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8). 
Governmental unit is defined by section 101.001 to include all state
agencies, political subdivisions, and Aany
other institution, agency, or organ of government the status and authority of
which  are derived from the Constitution
of Texas or from laws passed by the legislature under the constitution.@  Tex. Civ. Prac. & Rem. Code Ann. ' 101.001(3) (Vernon 2005).  Thus, there is little doubt that Harris
County is a governmental unit.  See
Seamans v. Harris County Hosp. Dist., 934 S.W.2d 393, 395 (Tex. App.CHouston [14th Dist.] 1996, no writ) (describing Harris
County Hospital District as a  Astate agency@); Weeks
v. Harris County Hosp. Dist., 785 S.W.2d 169, 170 (Tex. App.CHouston [14th Dist.] 1990, writ denied) (AHarris County Hospital District is a political
subdivision of the State of Texas.@).





[8]  The terms Asovereign immunity@ and Agovernmental immunity@ are
often used interchangeably.  However,
there is a distinction.  Sovereign
immunity refers to the State=s immunity from suit and liability, and it protects
the State and its various divisions and agencies.  Wichita Falls State Hosp. v. Taylor, 106
S.W.3d 692, 694 n.3 (Tex. 2003).  In
contrast, governmental immunity protects political subdivisions of the State,
including counties, cities, and school districts.  Id.  Because
Harris County Hospital District is a political subdivision, we will use the
term governmental immunity in this opinion. 
See Weeks, 785 S.W.2d at 170 (AHarris
County Hospital District is a political subdivision of the State of Texas and
is entitled to invoke the doctrine of governmental immunity.@); Seamans, 934 S.W.2d at 395 (AHarris County Hospital District share[s] this
governmental immunity.@).





[9]  The doctrine of governmental
immunity encompasses two principles: (1) immunity from suit; and (2) immunity
from liability.  See, e.g., Taylor,
106 S.W.3d at 695B96; Tex. Natural Res. Conservation Comm=n v. IT-Davy,
74 S.W.3d 849, 853B55 (Tex. 2002); Tarrant County Hosp. Dist. v. Henry,
52 S.W.3d 434, 440 (Tex. App.CFort Worth 
2001, no pet.).  Immunity from suit prohibits suits against the
State unless the State has expressly consented to be sued.  See, e.g., Taylor, 106 S.W.3d
at 696; IT-Davy, 74 S.W.3d at 853B54; Henry, 52 S.W.3d at 440.  ABecause immunity from suit defeats a trial court=s subject matter jurisdiction, it
is properly asserted in a plea to the jurisdiction.@ 
Henry, 52 S.W.3d at 440 & n.10 (citing Tex. Dep=t of Transp. v. Jones, 8 S.W.3d 636, 638B39 (Tex. 1999)); accord IT-Davy,
74 S.W.3d at 853B55; Bland Indep. Sch. Dist.,
34 S.W.3d at 554.  On the other hand, Aimmunity from liability protects
the State from money judgments even if the Legislature has expressly given
consent to sue.@ 
IT-Davy, 74 S.W.3d at 853. 
Unlike immunity from suit, Aimmunity from liability is an affirmative defense and does
not affect a court=s jurisdiction to hear a case.@ 
Henry at 440; see also Taylor, 106 S.W.3d at 696
(explaining that immunity from liability cannot be raised in a plea to the
jurisdiction).  

Accordingly, we again
note our analysis is limited to the jurisdictional issues involving Harris
County=s immunity from suit, not the
merits of its affirmative defense of immunity from liability.  Particularly because the trial court declined
to rule on Harris County=s motion for summary judgment, that
issue is not properly before this court. 
See generally City of Sunset Valley, 8 S.W.3d at 731 (AWe decline to permit [the State] to
use this interlocutory appeal as a vehicle to circumvent the bounds set by
statute in order to obtain judicial review of the merits of [the] case before
the district court has entered a final judgment.@).





[10]  See EPGT
Tex. Pipeline, L.P. v. Harris County Flood Control Dist., No. 01‑02‑01056‑CV,
2004 WL 1794715, at *7 (Tex. App.CHouston
[1st Dist.] Aug. 12, 2004, pet. dism=d)
(holding Asue and be sued@
language in Water Code waives flood control district=s immunity from suit); Metro. Transit Auth. v. MEB
Eng=g, Inc., No.
01‑04‑00022‑CV, 2004 WL 1584958, at *3 (Tex. App.CHouston [1st Dist.] July 15, 2004, pet. filed)
(holding Transportation Code section providing that transit authority may Asue and be sued@ waives
governmental immunity from suit under Missouri Pacific); City of
Lubbock v. Adams, 149 S.W.3d 820, 824B25 (Tex.
App.CAmarillo 2004, pet. filed) (holding Asue and be sued@ in a
city charter waives immunity from suit in accordance with Missouri Pacific and
majority of courts of appeals= decisions); City of Texarkana v. City of New
Boston, 141 S.W.3d 778, 787 (Tex. App.CTexarkana
2004, pet. dism=d) (finding the words Aplead
and be impleaded@ in section 51.075 of the Local Government Code are
synonymous with Asue and be sued@ and
that they Awaive governmental immunity from suit in light of the
Texas Supreme Court=s decision in Missouri Pacific@); Alamo Cmty. Coll. Dist. v. Browning Constr. Co.,
131 S.W.3d 146, 154 (Tex. App.CSan Antonio 2004, pet. filed) (holding Asue and be sued@ language
in Education Code clearly and unambiguously waives immunity from suit); Goerlitz
v. City of Midland, 101 S.W.3d 573, 577 (Tex. App.CEl Paso 2003, pet. filed) (explaining that immunity
from suit was waived where city charter provided the city may Asue and be sued@); Welch
v. Coca‑Cola Enters., 36 S.W.3d 532, 538 (Tex. App.CTyler 2000, pet. withdrawn) (holding immunity from
suit waived because Education Code provides school district trustees may Asue and be sued@); Bates
v. Tex. State Tech. Coll., 983 S.W.2d 821, 827 (Tex. App.CWaco 1998, pet. denied) (holding college=s immunity from suit waived because Education Code
provides college board may Asue or be sued@); Engelman
Irrigation Dist. v. Shields Bros., 960 S.W.2d 343, 348 (Tex. App.CCorpus Christi 1997) (concluding that Asue and be sued@
language in Water Code section 58.098 Aprovided
clear and unambiguous consent for the Irrigation District to be sued@), pet. denied, 989 S.W.2d 360 (Tex. 1998) (per
curiam); Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 594 (Tex.
App.CAustin 1991, writ denied) (holding school=s immunity from suit waived because Education Code
provides school district trustees may Asue and
be sued@); see also Webb v. City of Dallas, 314 F.3d
787, 795 (5th Cir. 2002) (A[T]he vast majority of [Texas] courts of appeals to
address the express legislative waiver question in the context of similar >sue and be sued= clauses
follow Missouri Pacific as controlling Texas Supreme Court precedent.@); cf. City of Mexia v. Tooke, 115 S.W.3d 618,
621B23 (Tex. App.CWaco
2003, pet. granted) (holding that language indicating the city can Aplead and be impleaded@ does
not constitute clear and unambiguous waiver of immunity from suit, but
recognizing that Asue and be sued@
language provides the Arequisite clarity to establish a waiver of immunity
from suit@); San Antonio Indep. Sch. Dist. v. City of San
Antonio, No. 04‑03‑00835‑CV, 2004 WL 2450919, at *2B3 (Tex. App.CSan
Antonio Nov. 3, 2004,pet. filed) (mem. op.) (holding language in section
11.151(a) of the  Education Code stating
the trustees of an  independent school
district may Asue and be sued@ was a
clear and unambiguous waiver of the district=s
immunity from suit);.





[11]  See City of
Roman Forest v. Stockman, 141 S.W.3d 805, 813 (Tex. App.CBeaumont 2004, no pet.) (AIn light of the recent emphasis by the Texas Supreme
Court and the Texas Legislature on the necessity of >clear and unambiguous= waiver,
we find the >sue and be sued=
language in the Local Government Code provisions does not contain clear waiver
of immunity language.@); City of Carrollton v. McMahon Contracting, L.P.,
134 S.W.3d 925, 927B28 (Tex. App.CDallas
2004, pet. filed) (concluding that Aplead
and be impleaded@ language in Local Government Code does not waive
immunity from suit); City of San Antonio v. Butler, 131 S.W.3d 170, 177
(Tex. App.CSan Antonio 2004, pet. filed) (holding that Aplead and be impleaded@
language in Local Government Code and Asue and
be sued@ language in city charter do not waive immunity from
suit in tort cases because they are governed by the Texas Tort Claims Act); Satterfield
& Pontikes Const., Inc. v. Irving Indep. Sch. Dist., 123 S.W.3d 63, 68
(Tex. App.CDallas 2003, pet. filed) (holding Asue and be sued@
language of the Education Code does not clearly and unambiguously waive school
district=s immunity from suit); City of Dallas v. Reata
Constr. Corp., 83 S.W.3d 392, 398 (Tex. App.CDallas
2002) (explaining that Asue and be sued@
language refers to a city=s capacity to sue when immunity has otherwise been
waived), rev=d on other grounds, No. 02-1031,47 Tex. Sup. Ct. J. 408, 2004 WL 726906, at *3 (Tex. April
2, 2004); Jackson v. City of Galveston, 837 S.W.2d 868, 871 (Tex. App.CHouston [14th Dist.] 1992, writ denied) (holding that Asue and be sued@
language did not impliedly waive a city=s
immunity to suit, but see City of Houston v. Clear Channel Outdoor, Inc.,
161 S.W.3d 3, 6 (Tex. App.CHouston [14th Dist.] 2004, pet. filed) which declined
to follow Jackson); Townsend v. Mem=l Med. Ctr.,
529 S.W.2d 264, 267 (Tex. Civ. App.CCorpus
Christi 1975, writ ref=d n.r.e.) (holding that Asue and
be sued@ language did not Aimpliedly@ waive a hospital district=s immunity from suit); Childs v. Greenville Hosp.
Auth., 479 S.W.2d 399, 401 (Tex. Civ. App.CTexarkana
1972, writ ref=d n.r.e.) (relying on pre-Missouri Pacific cases
to find a hospital district=s immunity was not waived).





[12]  See, e.g., Burlington N. & Santa Fe
Ry. Co. v. City of Houston, No. 14‑03‑01311‑CV, 2005 WL
1118121, at * 3B4 (Tex. App.CHouston [14th Dist.] May 12, 2005,
no pet. h.); Columbus Indep. Sch. Dist. v. Five Oaks Achievement Ctr.,
162 S.W.3d 812,815 (Tex. App.CHouston [14th Dist.] 2005, pet. filed); City of Angleton
v. USFilter Operating Servs.., Inc., No. 14‑04‑00603‑CV,
2004 WL 2964016, at *1B2 (Tex. App.CHouston [14th Dist.] Dec. 23, 2004,
pet. filed) (mem. op.).





[13]  The Texas
Supreme Court currently has before it countless petitions for review on this
very issue.  See, e.g., MEB Eng=g, Inc.,
2004 WL 1584958, at *3; Clear Channel Outdoor, Inc., 161 S.W.3d at 4; Adams,
149 S.W.3d at 824B25; City of Mesquite v. PKG Contracting, Inc.,
148 S.W.3d 209 (Tex. App.CDallas 2004, pet. filed); City of Texarkana,
141 S.W.3d at 787; United Water Servs., Inc. v. City of Houston, 137 S.W.3d
747 (Tex. App.CHouston [1st Dist.] 2004, pet. filed); City of
Carrollton, 134 S.W.3d at 927B28; Alamo
Cmty. Coll. Dist., 131 S.W.3d at 154; Satterfield, 123 S.W.3d at 68;
Tooke, 115 S.W.3d at 621B23; Goerlitz, 101 S.W.3d at 577; Hirczy de
Mino v. Univ. of Houston, No. 03‑03‑00311‑CV, 2004 WL
2296131, at *1B7 (Tex. App.CAustin
Oct. 14, 2004, pet filed) (mem. op.); City Of Houston v. Boyer, Inc.,
No. 01‑04‑00153‑CV, 2004 WL 2186770, at *1B2 (Tex. App.CHouston
[1st Dist.] Sep. 30, 2004, pet. filed) (mem. op.); City of Houston v. Jones,
No. 01‑03‑00831‑CV, 2004 WL 1847965, at *1B2 (Tex. App.CHouston
[1st Dist.] Aug. 19, 2004, pet. filed) (mem. op. on reh=g); Dallas Fire Fighters Ass=n v. City of Dallas, No 05‑03‑01787‑CV, 2004 WL 1662945, at *1B4 (Tex. App.CDallas
Jul 27, 2004, pet. filed) (mem. op.).  If
the supreme court decides to utilize one of these cases as the avenue by which
it overrules Missouri Pacific, then we should be inclined to revisit our
decision today.  However, until such
time, we, as an intermediate appellate court, must not depart from controlling
supreme court precedent.  See
generally Webb, 314 F.3d at 795 (refusing to deviate from the
rationale of Missouri Pacific because it is Acontrolling Texas Supreme Court precedent.@).





[14]  We recognize
there is some evidence indicating Harris County eventually denied the Gold Card
Holder status of several patients.  Along
with its AResponse to [Tomball=s]
Motion for Interlocutory Summary Judgment,@ Harris
County included one affidavit that claimed several of the patients were not current
Gold Card Holders at the time they were treated by Tomball.  However, these denials came long after
Tomball filed its original petition and long after Harris County initially
filed its answer and various motions for dismissal.  Moreover, Harris County never contested the
patients= ability to pay. 
As such, it appears this case stemmed originally from a disagreement
about who was required to pay for the patients=
treatmentCTomball or Harris County.  The dispute over patients= ability came
only as an afterthought.





[15]  Section
61.004(g) also states A[a] governmental entity, hospital district, or
provider of assistance may appeal the final order of the [Health] department
under Chapter 2001, Government Code, using the substantial evidence ruling on
appeal.@  Id. at ' 61.004(g). 
Chapter 2001 of the Government Code sets out the procedures for
administrative agencies to make rules and decide disputes, and it provides
specific provisions governing judicial review and court enforcement of agency
decision.  See Tex. Gov=t Code Ann. '' 2001.001B.902
(Vernon 2000 & Supp. 2004B05).  We read
nothing in section 61.004(g) as a removal of a district court=s jurisdiction where the dispute involves which party,
a hospital district or provider, must pay for treatment of a patient already
determined to be an eligible resident.